LEWIS WOODRUFF, appellant, v. WILLIAM A. TYLER, for the use, &c., appellee.

*Appeal from Stephenson.*

The refusal of the Circuit Court to set aside a default on motion cannot be assigned for error.

ASSUMPSIT, in the Stephenson Circuit Court, brought by the appellee against the appellant.

At the April term, 1848, the Hon. Thomas C. Browne presiding, on motion of the plaintiff's attorney, the defendant was required to plead on the morning of the day succeeding that on which the motion was made.

At the August term, 1848, a default was entered against the defendant, on motion of plaintiff's attorney for want of a plea. The defendant, when called, appeared by attorney, and asked leave of the Court to file a plea *instanter*, which the Court denied, and rendered a judgment for the plaintiff for $109·75. · The defendant then filed a motion to set aside the default and judgment and for leave to plead in said cause, and in support of his said motion filed the following affidavit :

" State of Illinois, ⎱ ss. Of the August term of Stephenson
Stephenson County, ⎰      County Circuit Court, A. D. 1848.

William A. Tyler, for the use of James C. Wright, v. Lewis Woodruff.

S. B. Farwell, being by me first duly sworn according to law, deposes and says that he was employed by the defendant herein to defend said cause, and, at the last term of this Court, Thomas F. Goodhue, one of the attorneys for the plaintiff in this cause, offered a motion for a rule to the defendant to file his plea by a certain day of that term, and that this affiant, as the attorney for the said defendant, then and there proposed to the said Goodhue, in order to save costs to the parties litigant herein, to draw up a written statement of the case and submit them to the Court upon

the questions of law involved in the case, and to abide the decision of the Court in the same, and to waive the filing of pleas by the defendant, and that this affiant understood the said Goodhue, at the time and afterwards, expressly to agree to said proposition, made as aforesaid by this affiant ; and that this affiant reposed full confidence in the agreement of the said Goodhue, and that it would be carried out in good faith, and in consequence thereof, this affiant did not know, until the sitting of the present term of this Court, that any rule had been entered for a plea in said cause. And that this affiant has been informed and believes, that the said defendant has a full and complete defence to the said claim of the said plaintiff, and that said defence consists in this, that said note, upon which said suit is brought, has been paid and fully satisfied.

(Signed,)

'S. B. FARWELL. ''

Sworn to and subscribed before  
me this 16th Aug. 1848.  
  John A. Clark, Cl'k.''

The Court overruled the motion, and the defendant excepted.

*J. C. Champlin,* for the appellant.

The only question in this case is, whether that which is alleged as error was a matter within the discretion of the Court. We think it was not. The defendant was in Court, and by attorney, asked leave to plead *instanter.* He should have been allowed to plead. Rev. Stat. 415, § 13.

*E. S. Leland,* for the appellee.

The setting aside of the default was a matter within the discretion of the Court, (Rev. Stat. 415, § 16,) and cannot be assigned for error. *Wallace* v. *Jerome,* 1 Scam. 524.

The Opinion of the Court was delivered by

CATON, J. In this case we are again called upon to review a decision of the Circuit Court overruling a motion to

set aside a default. That such decision cannot be assigned for error has been so often decided by this Court that it is unnecessary to discuss the question again. And since the decision of *Wallace* v. *Jerome,* 1 Scam. 524, it can hardly be expected that any case of hardship will ever form an exception to the rule. This was the only exception taken in the Circuit Court and the only question presented by the record.

The judgment is affirmed with costs.

*Judgment affirmed.*